IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO: _____

| | | |
|---|---|---|
| _____ | ) | |
| A.R., by and through her mother, | ) | |
| D.R. | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| WAKE COUNTY BOARD OF | ) | |
| BOARD OF EDUCATION | ) | |
| | ) | |
| | ) | |
|       Defendant. | ) | |
| _____ | ) | |

      NOW COMES Plaintiff, A.R., by and through her mother, D.R, and brings this action against the Wake County Board of Education for deliberate indifference and negligence in failing to prevent, investigate, or otherwise address the bullying and harassment A.R. experienced while she attended Wilburn Elementary School ("WES").

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 because Plaintiff's claims assert federal questions regarding her Civil Rights under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681, *et. seq.*, and under 42 U.S.C.§1983.

2. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367, because the state law claims are so related to the federal law claims in this action to form part of the same case and controversy.

3. This Court has personal jurisdiction over Defendants pursuant to the Federal Rule of Civil Procedure 4(k)(1) because Defendants, upon information and belief, are located and regularly conduct business in this jurisdiction and because the conduct giving rise to this cause of action occurred in this judicial district.

4. Venue in this Court is proper pursuant to 28 U.S.C. §1391 because Defendants, upon information and belief, reside within the judicial district and a substantial number of the events and omissions which form the basis of this Complaint occurred within this district.

PARTIES

5. Plaintiff, A.R., aged 10 years, is a citizen and resident of Raleigh, Wake County, North Carolina. At all times relevant to this action, Plaintiff was enrolled in Wake County Public Schools. Plaintiff has submitted with this Complaint a Motion for Leave to Proceed Under a Pseudonym and a Memorandum in support of the same for the purpose of protecting the minor Plaintiff's identity and dignity due to the personal and sensitive nature of the complaint.

6. D.R. is A.R.'s mother, and is bringing this action on behalf of her daughter, A.R.

7. Defendant, Wake County Board of Education, ("Defendant" or "the Board") is a corporate body located in Raleigh, North Carolina with powers granted by the State of North Carolina to generally control and supervise all matters pertaining to the Wake County Public School System ("WCPSS" or "the District"). N.C. Gen. Stat. §§115C-36, 115C-40

8. WES is a public educational institution under the control and supervision of the Board, a recipient of federal funding from the U.S. Department of Education, and subject to Title IX of the Education Amendments Act of 1971 ("Title IX"). 20 U.S.C. §§1681, et. seq.

FACTS

9. On November 3, 2021, A.R. was assaulted by another student named "Justin Doe" (hereinafter "J.D."). Justin Doe is a pseudonym as J.D. is a minor.

10. Upon information and belief, J.D. is older and larger than most of the students in grade.

11. J.D. has targeted A.R., and other girls in his grade, with threats, harassment and bullying. A.R. indicates that she previously was able to address these incidents.

12. On November 3, 2021, A.R., J.D., and another student were in the bathroom. J.D. became upset when another student splashed soap on him. J.D., believing A.R. was responsible for splashing soap on him, began hitting her with a wet paper towel.

13. When the students left the bathroom, J.D. ran in front of A.R. and her friend. J.D. began walking backwards facing the two girls and taunting them about the stains on their clothing.

14. When the students arrived in their classroom, J.D. kept hitting A.R. with his hand.

15. The teacher in the classroom was not the regular teacher.  Upon information and belief, there was a substitute teacher in the classroom.

16. A.R. tried to report to the substitute teacher that J.D. was hitting her.  The teacher her told her to hold on because she was addressing a different matter with another student.

17. J.D. continued to hit, slap and taunt A.R. Ultimately, A.R. hit J.D. back.

18. J.D. continued to escalate his assault.

19. J.D. wrapped his hands around A.R.'s neck and began to strangle her. A.R. attempted to defend herself by grabbing J.D.'s upper arms.  A.R. could not breathe while J.D. was strangling her. A.R. fell to the floor.

20. After falling to the floor, A.R. went back to her desk to sit down and take her test.  A.R.'s neck was hurting, and she felt dizzy.

21. J.D., not deterred by A.R.'s disengagement, grabbed her out of her chair, and threw her into the wall and chairs.  A.R. hit her head on the metal piece of the whiteboard and on the television in the classroom.

22. A.R. fell on the floor again.  Each time A.R. tried to get up, J.D. kicked her on her buttocks, or chest to knock her back down.

23. The teacher in the room failed to take any action while J.D. continued to assault A.R.

24. A.R.'s classmates, girls who had been targeted by J.D. before, tried to help her. A.R. and her friends were screaming for help.  J.D. was yelling obscenities including "fuck you" and "bitch" to A.R.

25. Eventually, one of A.R.'s friends left the classroom and got Ms. Jackson, a 5th grade teacher.  A.R.'s friends also retrieved Ms. Johnson, A.R.'s homeroom teacher.

26. A.R. continued to scream for help. J.D. wrapped one arm around A.R.'s neck and the other around A.R.'s waist and bent her body.  A.R. describes it as "he was trying to break me".

27. Once the adults were able to free A.R. from J.D.'s grip, Ms. Jackson rushed A.R. to the office. While A.R. was being escorted out, J.D. continued yelling obscenities.

28. A.R. was dizzy, weak, sick, coughing, and in pain when she was escorted out of the classroom.  Additionally, A.R. was upset and emotionally distraught.

29. A.R. was taken to Ms. Hamilton, the school guidance counselor.

30. Ms. Hamilton, not school administration, contacted A.R. nearly two hours after the assault occurred.

31. In the interim, A.R. was not provided with any medical treatment.

32. D.R. only learned of the assault when Ms. Hamilton called.

33. D.R. rushed to the school to find out what happened. Each administrator avoided D.R. D.R. asked for an incident report and was not provided with one.

34. D.R. reported A.R.'s assault to the Raleigh Police Department.

35. At around 7:00 p.m. on the evening of November 3, 2021, D.R. was contacted by Detective Daniel Shelton regarding her report to the Raleigh Police Department.

36. On the evening of November 3, 2021, A.L. began experiencing new symptoms. A number of the symptoms present immediately after the assault intensified. A.R.'s symptoms included, *inter alia*, headaches, backaches, throat pain, stomach pain, neck pain, shaking, and dizziness.

37. On November 4, 2021, A.R. was seen by Dr. Robert Morgan at UNC Pediatrics at North Hills. Dr. Morgan diagnosed A.R. with a "concussion, left forehead contusion, and right cervical muscle strain as a consequence of a violent assault and attempted suffocation from a male student in her classroom yesterday at school."

38. Dr. Morgan advised that A.R. would not be returning to her classroom until the bullying had been addressed, and A.R. recovered from her injuries.

39. Dr. Morgan opined that it was not safe for A.R. to return to the classroom as long as the other student was there.

40. Finally, Dr. Morgan advised that he was referring A.R. to the UNC Beacon Program for child abuse and assault.

41. On November 5, 2021, A.R. continued to experience weakness, shaking, neck pain and back pain.

42. On or about November 5, 2021, D.R. was notified that A.R. was suspended beginning November 4, 2021 and continuing through November 5, 2021.

43. On November 6, 2021, A.R. was seen at WakeMed Children's Emergency Department. She was diagnosed with Assault and Chest Pain.

44. On or about November 4, 2021, Dr. Morgan referred A.R. to the UNC Beacon Program. In the Medical Provider Form, Dr. Morgan indicates that he is referring A.R. due to being "assaulted by an older boy" who "choked her and attempted to suffocate her." Dr. Morgan further advises that he saw A.R. on November 4, 2021, diagnosed her with a concussion, left forehead contusion, and right cervical muscle strain.

45. On November 5, 2021, A.R. was taking a bath when she suddenly became short of breath. She instructed the Alexa device in her home to call D.R. D.R. tried, unsuccessfully, to

help A.R.  Realizing that A.R. was still unable to breathe despite her best efforts, D.R. rushed A.R. to Wake Med Children's Emergency Department.

46. On November 6, 2021, A.R. described her breathlessness from the day before as a panic attack.

47. From November 9 through November 11, 2021, A.R. continued to experience a litany of systems including, stomach pain, back pain, neck pain, headaches, chest pain, through pain, sharp pain in her knee, pain in her side/ribs, angle paid, and nausea.

48. On or about November 13, 2021, Counsel submitted an Evidence Preservation Letter on behalf of Petitioners to Respondent.

49. On or about November 15, 2021, A.R. discovered she did not have access to the WES virtual platform or school information via her Wake County issued laptop.

50. On or about December 14, 2021, D.R. was contacted by the detective assigned to A.R.'s case.

51. On December 30, 2021, A.R. suffered another panic attack.

52. On or about January 9, 2022 after several failed attempts, D.R. successfully enrolled A.R. and her brother in Lockhart Elementary School, where she will finish the school year.

53. On or about January 19, 2022, D.R. was informed by Detective that the District Attorney would not press assault charges against J.D.

54. From November 3, 2021 through January 9, 2022, A.R. did not have access to her educational in any form. She continues to work with her therapist to prepare for and cope with her return.

55. A.R. continues to suffer frequent night terrors, anxiety, headaches, body aches, side pain, and night sweats.

## FIRST CLAIM FOR RELIEF: DELIBERATE INDIFFERENCE OF VIOLATION OF  TITLE IX, 20 U.S.C. §§1681, *ET. AL.* AGAINST DEFENDANT WAKE COUNTY BOARD OF EDUCATION.

56. Plaintiff hereby incorporates by reference the allegations contained in the previous paragraphs.

57. At all times relevant to this Complaint, A.R. was a minor student enrolled at WES seeking to access the educational opportunities and benefits provided by the Defendant Board.

58. Defendant is the corporate entity designated by the State of North Carolina to supervise and control WES, which is a public school meeting the definition of an "educational institution" under Title IX, 20 U.S.C. §1681(c).

59. Defendant and/or WCPSS received federal funding form the United States Department of Education and thus is subject to the requirements of Title IX, 20 U.S.C. §§1681, *et. seq*.

60. Defendant exercised substantial control over J.B. a student at WES and had substantial control over the bullying and harassment that A.R. experienced.

61. The bullying A.R. experienced constitutes sexual harassment sufficiently severe to create a hostile educational environment at WES and thus impacted her access to education.

62. A.R. sought medical attention several times due to the incident that occurred at WES and continues to require therapy.

63. Defendant had actual knowledge that J.B. targeted A.R.

64. Defendant's substitute teacher took no action to stop J.B. from assaulting A.R.

65. A.R.'s friends, also minors, tried to help, and ultimately let the classroom to go find other adults who could help.

66. In response to the incident, WES allowed J.B. to be checked out of school for a "fight" and suspended A.R. for two days.

67. By and through its agents and officials, the Board was deliberately indifferent and negligent when it and its teachers and staff refused to respond and prevent J.B.'s assault and subsequent bullying of A.R.

68. This deliberate indifference and negligence left A.R. subject to continuing bullying and harassment that impeded her ability to access the educational opportunities and benefits at WES, and WCPSS more generally.

69. Defendant's failure to act upon D.R.'s assault, bullying and harassment constitutes deliberate indifference. Defendants had numerous opportunities to intervene and rescue A.R. from the unwelcome touching, harassment and bullying yet they repeatedly failed to take any action.

70. As a direct result, A.R. suffered physical, psychological, and mental harm.

71. Defendant's response to J.B.'s attack of A.R. was unreasonable in light of the known circumstances to constitute deliberate indifference. Defendant learned of the bullying and harassment prior to J.B. assaulting A.R. Defendant failed to investigate or resolve the ongoing sex-based harassment and bullying as required under Title IX.

72. J.B. suffered no disciplinary or criminal action for the assault of A.R.

73. Defendant, by and through its agents and officials, perpetuated a hostile educational environment for A.R. without remedy.

74. Furthermore, Defendant took disciplinary action against Ms. Doe for behavior that was a direct result of J.B. assaulting harassing and targeting A.R.

75. As a direct and proximate result of Defendant deliberate indifference, by and through its agents, A.R. sustained and continues to sustain injuries for which she is entitled to be compensated, including but not limited to

   a. Past, present, and future physical and psychological pain, suffering, and impairment;

   b. Medical bills, counseling, and other costs and expenses for past, present, and future medical and psychological care;

   c. Loss of educational access and opportunity;

   d. Past, present, and future economic losses, including lost wages;

   e. Attorneys' fees and costs; and

   f. Such other and further relief that this Court deems just and proper.

## SECOND CLAIM FOR RELIEF: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

76. Plaintiff incorporates by reference the allegations of facts contained in the previous paragraphs, as if fully set forth herein.

77. Defendant acted negligently, recklessly, and in bad faith when it failed to intervene or rescue A.R. from sex-based harassment and the related bullying on school premises during school hours, and upon being informed by A.R. and her peers.

78. Defendant permitted teachers under its administration and control, to act negligently, recklessly, and in bad faith, by permitting its teachers and administration to fail to take any action with regards to A.R.'s sex-based harassment and bullying.

79. As a result of Defendant's negligence, A.R. suffered a preventable physical injury, mental and emotional injuries, and lost her equal opportunity to access free public education in a safe campus environment.

80. As a direct and proximate result of Defendant's negligence, A.R. sustained and continues to sustain injuries for which she is entitled to be compensated, including but not limited to:

a. Past, present, and future physical and psychological pain, suffering, and impairment;

b. Medical bills, counseling, and other costs and expenses for past and future medical and psychological care;

c. Impaired educational capacity; and

d. Such other and further relief that this Court deems just and proper.

<u>PRAYER FOR RELIEF</u>

WHEREFORE Plaintiff respectfully requests that this Court grant her a jury trial seeking:

1. Actual, compensatory, exemplary damages and punitive damages in an amount that exceeds $100,000.00, to be proven at trial;

2. reasonable attorneys' fees, costs, and expenses; and

3. all other and further relief that justice may require.

JURY DEMAND

Plaintiff respectfully requests a trial by a jury.

This the 27th day of January, 2022.

/s/ Neubia L. Harris
Neubia L. Harris
N.C. Bar No.: 42069
The Law Office of Neubia L. Harris, PLLC
203 West Millbrook Road, Suite 101
Raleigh, NC 27609
(919) 526-0500 (telephone)
(919) 589-3935 (facsimile)
neubia@neubiaharrislaw.com (e-mail)